IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MODESTO ALEMAN
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

BASIL THAI RESTAURANT GROUP, CORP.
d/b/a Basil Thai
1608 Wisconsin Avenue NW
Washington, DC 20007

SKY456, LLC
d/b/a Basil Thai
1608 Wisconsin Avenue NW
Washington, DC 20007

WEENA HIRANKIT
3100 S Manchester Street, Apt. 834
Falls Church, VA 22044

      Defendants.

Civil Action No. _____

# COMPLAINT

## Introduction

1.    Defendants own and operate a Thai restaurant in Georgetown. Plaintiff worked at Defendants' restaurant primarily as a kitchen hand. Defendants paid Plaintiff a flat salary that resulted in a sub-minimum wage and a denial of overtime compensation.

2.    Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff is an adult resident of the District of Columbia.

6. Defendant Basil Thai Restaurant Group, Corp. ("BTRG") was a District of Columbia corporation. Its corporate status has been revoked. It did business as "Basil Thai." Its primary business location was 1608 Wisconsin Avenue NW, Washington, DC 20007. Its resident agent is Stephen D. Redhead, 766 Rock Creek Church Road NW, Washington, DC 20002.

7. Defendant SKY456, LLC ("SKY") is a District of Columbia limited liability company. It does business as "Basil Thai." Its primary business location is 1608 Wisconsin Avenue NW, Washington, DC 20007. Its resident agent is Stephen D. Redhead, 766 Rock Creek Church Road NW, Washington, DC 20002.

8. Defendant Weena Hirankit ("Hirankit") is an adult resident of Virginia. She resides at 3100 S Manchester Street, Apt. 834, Falls Church, VA 22044. She owned a controlling interest in BTRG and exercised exclusive authority over its operations and pay practices.

9. Upon information and belief, SKY is both the implied and express corporate successor in interest to BTRG.

10. SKY purchased the restaurant known as Basil Thai, on approximately January 1, 2015.

11. SKY continued the operations of BTRG.

12.     SKY used the same location, personal property, trade name, and alcohol license of BTRG.

13.     With respect to Plaintiff, SKY maintained the pay practices of BTRG.

14.     With respect to Plaintiff, SKY maintained the same work schedule as BTRG.

15.     When SKY purchased "Basil Thai" from BTRG, SKY was fully aware of the pay practices of BTRG with respect to Plaintiff — and maintained those very same pay practices.

## Factual Allegations

16.     Defendants own(ed) and operate(ed) "Basil Thai," located at 1608 Wisconsin Avenue NW, Washington, DC 20007.

17.     Defendants BTRG and Hirankit employed Plaintiff from 2007 until approximately December 31, 2014.

18.     On approximately January 1, 2015, Defendant SKY assumed control of Basil Thai and continued to employ Plaintiff. Plaintiff still works for Defendant SKY.

19.     Defendants employed Plaintiff as a kitchen hand. Plaintiff's duties included cleaning, cutting vegetables, and washing dishes.

20.     From approximately January 15, 2013 through approximately December 31, 2015, Plaintiff's typical schedule was as follows:

| Day | Hours | Break | Total |
|---|---|---|---|
| Monday | 10:30 a.m. – 10:30 p.m. | Break: 1 hour | 11.0 Hours Worked |
| Tuesday | 10:30 a.m. – 10:30 p.m. | Break: 1 hour | 11.0 Hours Worked |
| Wednesday | 10:30 a.m. – 10:30 p.m. | Break: 1 hour | 11.0 Hours Worked |
| Thursday | 11:00 a.m. – 10:30 p.m. | Break: 1 hour | 10.5 Hours Worked |
| Friday | 11:00 a.m. – 11:00 p.m. | Break: 1 hour | 11.0 Hours Worked |
| Saturday | 11:00 a.m. – 11:00 p.m. | Break: 1 hour | 11.0 Hours Worked |
| Sunday | Off | Off | Off |
|  |  |  | **Total: 65.5 Hours Worked** |

21. From January 15, 2013 through December 31, 2015, Plaintiff typically worked at least 65.5 hours a workweek.

22. From approximately January 15, 2013 through December 31, 2015, Plaintiff worked an additional 11 hours on one Sunday of each month.

23. From approximately January 15, 2013 through approximately December 31, 2015, Plaintiff worked at least 4,337.5 hours of overtime for Defendants.

24. From January 1, 2013 through December 31, 2015, Defendants paid Plaintiff a semimonthly salary of $950.00. This translates to an hourly rate of $6.69 for weeks in which Plaintiff did not work on Sunday; and an hourly rate of $5.73 for weeks in which Plaintiff did work on Sunday.

25. Plaintiff took a brief leave of absence from approximately January 1, 2016 through approximately January 13, 2016.

26. On approximately January 14, 2016 Plaintiff resumed work for Defendant SKY on a reduced schedule. Plaintiff's new work schedule is:

| Thursday | 11:00 a.m. – 10:30 p.m. | Break: 1 hour | 10.5 Hours Worked |
| Friday | 11:00 a.m. – 11:00 p.m. | Break: 1 hour | 11.0 Hours Worked |
| Saturday | 11:00 a.m. – 11:00 p.m. | Break: 1 hour | 11.0 Hours Worked |

27. Starting on approximately January 14, 2016, SKY paid Plaintiff $75 per workday (instead of a semimonthly salary). This translates into an hourly rate of between $6.82 and $7.14.

28. Defendants have always paid Plaintiff in cash.

29. Defendants have always paid Plaintiff twice a month, typically on the 5th and 20th of each month.

30. At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

31. At all relevant times, federal law required Defendants to pay a minimum wage of $7.25 per hour.

32. The District of Columbia minimum wage was $8.25 per hour from July 24, 2009 until June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

33. Defendants owe Plaintiff approximately **$26,925.78** in unpaid minimum and overtime wages for Plaintiff's work between approximately January 15, 2013 and December 31, 2014.

34. Defendant SKY owes Plaintiff approximately **$20,550.60** in unpaid minimum and overtime wages for Plaintiff's work between January 1, 2015 and January 26, 2016.

35. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

36. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

37. At all relevant times, Defendants had the power to fire Plaintiff.

38. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

39. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

40. Before BTRG sold Basil Thai to SKY, Defendant Hirankit personally set Plaintiff's schedule, supervised Plaintiff in his job duties, and handed Plaintiff his cash pay twice a month. In other words, Defendant Hirankit did not merely own BTRG; rather, she was personally responsible for the fact that Plaintiff did not receive minimum or overtime wages.

41.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

42.     Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

43.     Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

44.     Defendants failed to provide Plaintiff with notice of Plaintiff's employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

45.     Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

46.     Defendants did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

47.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the minimum wage required by District of Columbia and federal law.

48.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

49.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

50. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

52. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

53. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

54. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

55. Defendant SKY, as a corporate successor, is liable for the FLSA violations of the other named Defendants.

56. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

57. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

58. Defendants' violations of the FLSA were willful.

59. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages earned since January 15, 2013, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

# COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

60. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

61. Defendants were employers within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

62. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

63. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

64. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

65. Defendants' violations of the DCWPCL were willful.

66. Defendant SKY, as a corporate successor, is liable for the DCWPCL violations of the other named Defendants.

67. Defendants' violations of the DCWPCL were "continuous" within the meaning of the DCWPCL, D.C. Code § 32-1308(c).

68. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages earned since January 15, 2013, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$189,905.50**, consisting of the following overlapping elements:

   i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff additional unpaid wages and liquidated damages equivalent to three times the value of the unpaid wages for every workweek after January 25, 2016, in which Defendants do not pay Plaintiff minimum and overtime wages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308.

c. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

e. Award Plaintiff court costs; and

f. Award any additional relief the Court deems just.

Date: January 21, 2016					Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*